**UNITED STATES of America, Plaintiff–Appellee**

v.

**Christopher SUTPHIN, Defendant–Appellant**

**No. 16-1590**

United States Court of Appeals, Eighth Circuit.

Submitted: September 7, 2016

Filed: September 16, 2016

David A. Harris, Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Arkansas, Fort Smith, AR, for Plaintiff–Appellee.

Christopher Sutphin, Pro Se.

Before WOLLMAN, ARNOLD, and MURPHY, Circuit Judges.

PER CURIAM.

Christopher Sutphin directly appeals after he pleaded guilty to being a felon in possession of a firearm, and the district court[1] sentenced him to an above-Guidelines-range prison term of 96 months. His counsel has moved for leave to withdraw and has filed a brief under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that the court imposed a substantively unreasonable sentence.

Having reviewed the district court's sentencing decision, we conclude that no abuse of discretion occurred and that Sutphin's 96–month prison term is not substantively unreasonable. See United States v. Feemster, 572 F.3d 455, 461–62 (8th Cir. 2009) (en banc) (describing appellate review of sentencing decisions); see also United States v. Franik, 687 F.3d 988, 991 (8th Cir. 2012) (factors that have already been taken into account in calculating advisory Guidelines range can nevertheless form basis of variance; concluding that no abuse of discretion occurred where district court found Guidelines would not accomplish objectives of 18 U.S.C. § 3553(a)

---

1. The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

without upward variance); <u>United States v. Mangum</u>, 625 F.3d 466, 469–70 (8th Cir. 2010) (upward variance is reasonable where court makes individualized assessment of § 3553(a) factors based on facts presented, and considers defendant's proffered information). Having independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), we have found no nonfrivolous issues for appeal.

The judgment is affirmed, and counsel's motion to withdraw is granted.